Jennie M. Hallin and Forrest L. Hallin, Plaintiffs, v. Jennie M. Hallin, Administratrix of Estate of Andrew Hallin, Deceased et al., Defendants.

Ellen P. Price Schieferdecker, as Trustee Under Will of Andrew Hallin, Deceased, Petitioner-Appellee, v. Forrest D. Henry and Francis M. Hamblin, Copartners, Trading as Henry and Hamblin, Defendants-Appellants. John Bernard Hallin et al., Defendants.

Gen. No. 10,734.

Opinion filed April 2, 1954. Released for publication April 20, 1954.

JAMES H. ANDREWS, HARPER ANDREWS, and CAMPBELL ANDREWS, all of Kewanee, for appellants.

PAUL A. CUSHMAN, of Kewanee, for appellee.

MR. JUSTICE WOLFE delivered the opinion of the court.

In 1936 Andrew Hallin died leaving a last will and testament in which he created a trust for certain purposes. On the 16th day of November 1936, Jennie M. Hallin qualified as trustee under said will. Jennie M. Hallin died March 23rd 1948, and later Ellen P. Price Schieferdecker was appointed trustee. The will provided in part as follows: "The said Trustee shall manage said property in a careful and prudent manner and keep all buildings in proper repair and shall take care

of all taxes and insurance, and after such expenses have been paid, the remainder of all the rents, profits and income from all of said property or so much as shall be necessary, shall be used for the care and comfort of my wife, Jennie M. Hallin." At the death of the wife, Jennie M. Hallin, all the rents and profits from said property were to be paid to the testator's son, Forrest L. Hallin, for his use during his natural life.

The will further provides that: "After the death of my said wife, Jennie M. Hallin, and the death of my said son Forrest L. Hallin, all of said real estate then belonging to my said estate shall be sold and converted into cash and all of said estate then in the hands of my said Trustee, shall be equally divided." The will then names certain beneficiaries to take the property.

On November 15, 1946, a lease for five years was entered into between Jennie M. Hallin, trustee as aforesaid, and Forrest D. Henry and Francis M. Hamblin doing business as Henry & Hamblin of Kewanee, Illinois. The lease provided that it is understood and agreed between the parties that the lessees should have the privilege of renewing the lease for a further period of five years after the expiration of the five years' lease, upon the same terms and conditions as in the original lease. Jennie M. Hallin died in March 1948, and Forrest L. Hallin died in May 1949. Before the expiration of the five-year lease, the tenants gave the trustee notice that they intended to exercise their option to renew the lease for another period of five years.

The trustee filed a suit in the circuit court of Henry county asking an order of court to sell the real estate involved in this proceeding. There were several tenants in the building and the trustee was asking for an order of court to sell the building free and clear of all

the tenancies of the building. Forrest D. Henry and Francis M. Hamblin filed an answer in which they claim that they had a valid option for the renewal of the lease for five years and opposed the selling of the building free and clear of their tenancy. The issues made by the petition and answers were referred to Thomas J. Welch, by agreement of the parties and he found that the part of the lease granting the option was void upon the theory that the trustee had no express or implied authority to make a lease extending for that length of time beyond the life of the trust. The conclusion of the master was affirmed by the court and a decree entered in accordance therewith and the tenants bring the record to this court for review.

██ The main question that arises is whether the trustee has authority to execute a lease that extends beyond the life of the trust. It is conceded that both of the beneficiaries under the trust had died before the expiration of the five-year term in the lease. It is stated in Vol. 54, American Jurisprudence, page 376, under the heading of trusts: "A trustee ordinarily is without power to lease trust property for a period beyond the duration of the trust, or, in case of indefiniteness of the period of the trust, beyond its probable duration. Under the rule, a lease for a definite term by a trustee confers no estate upon a tenant which will continue after the expiration of the trust, or, at least, the excess of the lease beyond the term of the trust is void."

It is stated in *Pool v. Rutherford,* 336 Ill. App. 516: "By its terms this trust ceased on the death of the life tenant, Harry K. Jones. He died on January 5, 1945. This trust ceased at that time. Plaintiff's title, as trustee, ceased at that time. Her rights to manage and control the trust property ceased at that time, and her rights to collect the rents from said trust property

ceased at that time. By the terms of the trust instrument, she was given a reasonable time to wind up and settle the trust business, but this provision does not authorize her to enter into new leases for years following the termination of the trust, but is merely a provision for time for terminating what has theretofore been done."

In *Jackson v. Pillsbury,* 380 Ill. 554, it is stated: "The tenth section of the trust agreement provides that upon the death of Price, the residue and remainder of his property 'shall be divided equally, share and share alike,' among the named beneficiaries. By the foregoing language an active trust was created to continue so long as Price lived when the active duties of the trustee were to terminate and the corpus of the trust be divided. A trust which is active may become passive after all of the active duties have been performed and the trust may become executed by the Statute of Uses and the title vested in the beneficiaries. . . . It follows that the title to the real estate vested in the three plaintiffs and the defendant immediately upon Price's death and that defendant was then without authority to sell and convey the real estate and divide the proceeds of such sale."

The Supreme Court of Iowa in the case of *In re Hubbell Trust,* 135 Iowa 637, 113 N. W. 512, at page 522 said: "Only general rules can be laid down for the guidance of trustees, and those deducible from the discussions contained in better considered opinions, and based, as we think, on the soundest reason, may be summarized thus: (1) The trustees may lease for such reasonable terms as are customary and essential to the proper care of and to procure a reasonable income from the property. (2) Such terms should not, save on showing of reasonable necessity to effectuate the purposes of the trust, extend beyond the period the

trust is likely to continue. (3) Should they extend unreasonably beyond such period, the excess only will be void. (4) Only upon a showing of such reasonable necessity when not given such power by the instrument creating the trust will the trustees be authorized to bind the estate so as to effectually deprive those ultimately entitled thereto of the property itself."

■ As above stated, no hard and fast rule can be laid down stating the law that is applicable to all cases, but in the instant case the will provided that the trustee at the death of the beneficiaries should sell his real estate and distribute the proceeds thereof according to his direction in the will. There is no showing in this case why the lease should be for a longer term than the death of the beneficiaries. It is stated in *Marsh v. Reed,* 184 Ill. 263, at page 272: "The duty of the court in such instance is to regard the express wish of the donor and to lend its aid to the accomplishment of his desires, and the best interest of those entitled to the annual income of the subject matter of the trust is, it is believed, never considered a sufficient reason for breaking in upon such a trust and disposing of the subject matter thereof in violation of the intention and purpose of the donor."

■ Here the trustee entered into the lease in question without any order of court or authority to do so, except that as given to her in the trust agreement. It is our conclusion that the court properly found that the renewal clause of the lease in question for another five-year period was void, and the order appealed from is affirmed.

*Affirmed.*

Mr. Justice Anderson took no part in the consideration or decision of this case.